Cynthia S. Betz
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

*Attorneys for Plaintiffs*
*ARS Pharmaceuticals Operations, Inc. and*
*Aegis Therapeutics, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARS PHARMACEUTICALS OPERATIONS, INC., and AEGIS THERAPEUTICS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LTD., and CIPLA USA, INC.<br><br>Defendants. | **Civil Action No. _________**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

ARS Pharmaceuticals Operations, Inc. ("ARS") and Aegis Therapeutics, LLC ("Aegis") (collectively "Plaintiffs"), by and through the undersigned attorneys, bring this Complaint against Defendants Cipla Ltd. and Cipla USA, Inc. (collectively, "Cipla" or "Defendants"), and allege as follows:

## Nature of the Action and Subject Matter Jurisdiction

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code and arising under 35 U.S.C. §§ 271 and 281-283, arising

from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 220606 ("Cipla's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of ARS's neffy® (epinephrine nasal spray, 1 mg/spray and 2 mg/spray) drug product prior to the expiration of United States Patent Nos. 10,576,156 ("the '156 patent"); 10,682,414 ("the '414 patent"); 11,173,209 ("the '209 patent"); 11,191,838 ("the '11-838 patent"); 11,717,571 ("the '571 patent"); 11,744,895 ("the '895 patent"); 11,918,655 ("the '655 patent"); and 12,324,838 ("the '12-838 patent") (collectively, the "neffy® Patents").

## The Parties

2. Plaintiff ARS Pharmaceuticals Operations, Inc. is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 11682 El Camino Real, San Diego, California 92130.

3. Plaintiff Aegis Therapeutics, LLC is a limited liability company organized and existing under the laws of the state of California, with a principal place of business at 3430 Carmel Mountain Road, San Diego, California 92121.

4. On information and belief, Defendant Cipla Ltd. is an Indian corporation having a place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai, 400013, India.

5. On information and belief, Defendant Cipla USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business at 10 Independence Boulevard, Suite 300, Warren, New Jersey 07059.

6. On information and belief, Cipla USA, Inc. is a wholly owned subsidiary of Cipla Ltd., and is under the direction and control of Cipla Ltd.

**Jurisdiction and Venue**

7. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper over Cipla Ltd., and Cipla USA, Inc. under 28 U.S.C. §§ 1391 and/or 1400(b).

9. On information and belief, each of Cipla Ltd., and Cipla USA, Inc. derive substantial revenue from interstate and/or international commerce, including substantial revenue from goods developed, made, used and/or consumed in the State of New Jersey and within this judicial district.

10. On information and belief, Cipla Ltd. and Cipla USA, Inc. sell generic drugs manufactured and supplied by Cipla Ltd. throughout the United States, including in the State of New Jersey and in this judicial district.

11. This Court has personal jurisdiction over Cipla USA, Inc. because Cipla USA, Inc., on information and belief, at least: (1) maintains a regular and established place of business at 10 Independence Boulevard, Suite 300, Warren, New Jersey 07059; (2) has purposefully availed itself of the privileges of doing business in the State of New Jersey and in this judicial district; and (3) has and maintains systematic and extensive contacts with the State of New Jersey and this judicial district, including through the manufacture, offer for sale and/or sale of generic pharmaceuticals in New Jersey. At least because of its physical presence in New Jersey and this judicial district, this Court has personal jurisdiction over Cipla USA, Inc.

12. This Court has personal jurisdiction over Cipla Ltd. because Cipla Ltd., on information and belief, at least: (1) has purposefully availed itself of the privileges of doing business in the State of New Jersey and in this judicial district, including directly or indirectly through its wholly owned subsidiary, agent, and/or alter ego, Cipla USA, Inc., which maintains a

regular and established place of business in New Jersey; and (2) has and maintains systematic and extensive contacts with the State of New Jersey and this judicial district, including through the manufacture, offer for sale and/or sale of generic pharmaceuticals in New Jersey including through, directly or indirectly, its wholly owned subsidiary, agent, and/or alter ego, Cipla USA, Inc.

13. On information and belief, Cipla Ltd., and Cipla USA, Inc. acted in concert and/or in privity with one another, and/or aided in the development, preparation and submission of Abbreviated New Drug Application No. 220606 ("Cipla's ANDA") and/or notification of certification pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV) ("Cipla's Paragraph IV Certification") giving rise to this civil action.

14. On information and belief, unless enjoined, Cipla will import, make, use, sell and/or offer for sale the generic drug product for which Cipla is seeking approval through submission of Cipla's ANDA ("the Cipla ANDA Product") in the State of New Jersey and in this judicial district.

15. This Court also has personal jurisdiction over Cipla Ltd., and Cipla USA, Inc. because they have committed an act of statutory infringement under 35 U.S.C. § 271(e)(2)(A), and intend to make, use, sell, offer for sale and/or import the Cipla ANDA Product in the State of New Jersey and in this judicial district, which has caused and will continue to cause foreseeable harm to Plaintiffs in the State of New Jersey and this judicial district.

16. Alternatively, to the extent Cipla Ltd. is not subject to the general jurisdiction of, or specific jurisdiction in, any state, this Court has personal jurisdiction over Cipla Ltd. under Fed. R. Civ. P. 4(k)(2) because Cipla Ltd. is an entity organized and having its principal place of business located outside of the United States and has sufficient contacts with the United States as

a whole, including but not limited to the submission of Abbreviated New Drug Applications, including but not limited to Cipla's ANDA and the commercialization of, on information and belief, at least 100 products in the United States.

17. On information and belief, if Cipla's ANDA is approved, Cipla Ltd. will manufacture, use, sell, offer to sell and/or import into the United States the Cipla ANDA Product, and intends to derive and will derive substantial revenue from the manufacture, use, sale, offer for sale and/or importation into the United States of the Cipla ANDA Product.

18. On information and belief, Cipla USA, Inc. operates under the direction and control, and for the benefit, of Cipla Ltd.

19. On information and belief, Cipla Ltd. and its wholly-owned subsidiary, Cipla USA, Inc. operate, and publicly hold themselves out as, a single integrated business in the United States as "Cipla."

20. On information and belief, Cipla Ltd., and Cipla USA, Inc. have not challenged personal jurisdiction, and have asserted counterclaims, when previously sued in this judicial district. *See, e.g., Theravance Biopharma R&D IP, LLC, et al. v. Eugia Pharma Specialities Ltd., et al.*, No. 25-3790, ECF No. 9 (D.N.J. May 30, 2025); *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Cipla USA, Inc., et al.*, No. 24-8435, ECF No. 9 (D.N.J. Sep. 18, 2024); *Teva Branded Pharm. Prods. R&D, Inc., et al. v. Cipla USA, Inc., et al.*, No. 24-9691, ECF No. 9 (D.N.J. Dec. 9, 2024)*; In re Selenious Acid Litig.: Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Accord Healthcare, Inc., et al.*, No. 24-7791, ECF No. 69 (D.N.J. Jan. 8, 2025)*; Salix Pharm., Inc., et al. v. Cipla USA, Inc., et al.*, No. 24-10213, ECF No. 18 (D.N.J. Jan. 16, 2025); *AstraZeneca Pharms. LP, et al. v. Cipla Ltd., et al.*, No. 24-8167, ECF No. 14 (D.N.J. Oct. 7, 2024); *Jazz Pharm. Rsch. UK Ltd. f/k/a GW Rsch. Ltd. v. Apotex Inc., et al.*, No. 24-7550, ECF No. 45

(D.N.J. Sep. 24, 2024); *Am. Regent, Inc. f/k/a Luitpold Pharms., Inc. v. Cipla USA, Inc., et al.*, No. 24-8435, ECF No. 9 (D.N.J. Sep. 18, 2024); *AstraZeneca Pharm. LP, et al. v. Sandoz Inc., et al.*, No. 23-796, ECF No. 116 (D.N.J. Sep. 3, 2024); *Theravance Biopharma R&D IP, LLC, et al. v. Eugia Pharma Specialities Ltd., et al.*, No. 23-926, ECF No. 50 (D.N.J. May 17, 2023).

**The Patents in Suit**

21. The ’156 patent, entitled “Compositions for drug administration,” was duly issued by the United States Patent and Trademark Office (“USPTO”) on March 3, 2020. The ’156 patent covers the importation, manufacture, use, sale, and/or offer for sale of neffy®. A true and correct copy of the ’156 patent is appended hereto as **Exhibit A**.

22. The ’414 patent, entitled “Intranasal epinephrine formulations and methods for the treatment of disease,” was duly issued by the USPTO on June 16, 2020. The ’414 patent covers the importation, manufacture, use, sale, and/or offer for sale of neffy®. A true and correct copy of the ’414 patent is appended hereto as **Exhibit B**.

23. The ’209 patent, entitled “Compositions for drug administration,” was duly issued by the USPTO on November 16, 2021. The ’209 patent covers the importation, manufacture, use, sale, and/or offer for sale of neffy®. A true and correct copy of the ’209 patent is appended hereto as **Exhibit C**.

24. The ’11-838 patent, entitled “Intranasal epinephrine formulations and methods for the treatment of disease,” was duly issued by the USPTO on December 7, 2021. The ’11-838 patent covers the importation, manufacture, use, sale, and/or offer for sale of neffy®. A true and correct copy of the ’11-838 patent is appended hereto as **Exhibit D**.

25. The ’571 patent, entitled “Intranasal epinephrine formulations and methods for the treatment of disease,” was duly issued by the USPTO on August 8, 2023. The ’571 patent

covers the importation, manufacture, use, sale, and/or offer for sale of neffy®. A true and correct copy of the ’571 patent is appended hereto as **Exhibit E**.

26. The ’895 patent, entitled “Intranasal epinephrine formulations and methods for the treatment of disease,” was duly issued by the USPTO on September 5, 2023. The ’895 patent covers the importation, manufacture, use, sale, and/or offer for sale of neffy®. A true and correct copy of the ’895 patent is appended hereto as **Exhibit F**.

27. The ’655 patent, entitled “Intranasal epinephrine formulations and methods for the treatment of disease,” was duly issued by the USPTO on March 5, 2024. The ’655 patent covers the importation, manufacture, use, sale, and/or offer for sale of neffy®. A true and correct copy of the ’655 patent is appended hereto as **Exhibit G**.

28. The ’12-838 patent, entitled “Intranasal epinephrine formulations and methods for the treatment of disease,” was duly issued by the USPTO on June 10, 2025. The ’12-838 patent covers the importation, manufacture, use, sale, and/or offer for sale of neffy®. A true and correct copy of the ’12-838 patent is appended hereto as **Exhibit H**.

29. Aegis has been and is the owner by assignment of the neffy® Patents. ARS holds a license to the neffy® Patents from Aegis.

## **The neffy® Drug Product**

30. New Drug Application No. 214697 (the “neffy® NDA”) is held by ARS, pursuant to which ARS sells a drug product under the trade name neffy® (epinephrine nasal spray, 1 mg/spray and 2 mg/spray) under its license to the neffy® Patents.

31. neffy® is approved for use in the emergency treatment of type I allergic reactions, including anaphylaxis, in adult and pediatric patients 4 years of age and older who weigh 15 kg or greater, with a recommended dosage of 1 spray of neffy® 1 mg/spray in patients weighing 15

kg to less than 30 kg, and a recommended dosage of 1 spray of neffy® 2 mg/spray in patients weighing 30 kg or greater. The claims of the patents-in-suit cover, *inter alia*, pharmaceutical compositions and nasal spray devices comprising epinephrine formulations and methods of use and administration of those drug products.

32. The neffy® patents are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") pursuant to, *inter alia*, 21 U.S.C. 355(b)(1) and 21 CFR § 314.53.

**33.** The labeling for neffy® instructs health care providers and patients to administer neffy® in accordance with at least some of the methods claimed in the patents-in-suit.

**Cipla's ANDA**

34. On information and belief, Cipla submitted Cipla's ANDA with the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of a 1 mg/spray and 2 mg/spray epinephrine nasal spray.

35. By filing its ANDA, on information and belief, Cipla intends to engage, and there is at least the substantial likelihood that Cipla will engage, in the commercial importation, use, offer for sale and/or sale, or inducement of the use thereof or contribution thereto, of the Cipla ANDA Product immediately or imminently upon receiving FDA approval of Cipla's ANDA. On information and belief, following FDA approval of its ANDA, Cipla plans to import, make, use, sell, or offer to sell the Cipla ANDA Product throughout the United States including in the State of New Jersey and in this judicial district.

36. On information and belief, by filing its ANDA, Cipla has represented to the FDA that the Cipla ANDA Product is bioequivalent to neffy®.

37. On information and belief, Cipla's ANDA contained written certifications to the FDA pursuant to U.S.C. § 355(j)(2)(A)(vii)(IV) ("Cipla's Paragraph IV Certifications"), alleging that the claims of the neffy® Patents are invalid and/or will not be infringed by the importation, manufacture, use, sale or offer for sale of the Cipla ANDA Product.

38. Pursuant to Section 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act, by letter dated March 24, 2026, Cipla informed ARS and Aegis that Cipla had filed the Cipla Paragraph IV Certifications with the FDA under 21 U.S.C. § 355(j)(2)(B)(i)-(iv) and 21 C.F.R.§ 314.95(c)(1) (the "Cipla Notice Letter").

39. The Cipla Notice Letter, purporting to be Cipla's Notification of Certification pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(c)(6), stated that "we advise you that the patents subject to the paragraph IV certification alleged to be invalid, and/or not infringed and/or unenforceable, are [the neffy® Patents]." The Cipla Notice Letter also purported to contain a "detailed statement of the factual and legal bases for the certification set forth in Cipla's ANDA."

40. Plaintiff ARS Pharmaceuticals Operations, Inc., holder of the neffy® NDA, received the Cipla Notice Letter not earlier than on or about March 25, 2026. Plaintiff Aegis Therapeutics, LLC, owner of record of the neffy® Patents, received the Cipla Notice Letter not earlier than on or about March 25, 2026.

41. Cipla's filing of its ANDA for the purpose of obtaining FDA approval to engage in the commercial importation, manufacture, use, offer for sale and/or sale (or the inducement thereof or contribution thereto) of the drug product that is the subject of Cipla's ANDA prior to the expiration of the neffy® Patents is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

**Count I**
**(Infringement of U.S. Patent No. 10,576,156)**

42. Plaintiffs repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

43. By submission of its ANDA, Cipla intends to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of Plaintiffs' neffy® drug product prior to the expiration date of the '156 patent.

44. Cipla's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the Cipla ANDA Product prior to the expiration of the '156 patent, constitutes an act of infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

45. There is a justiciable controversy between the parties as to the infringement of the '156 patent.

46. Cipla's manufacture, use, offer for sale, sale, and/or importation of its proposed ANDA Product will, on information and belief, directly infringe or induce infringement of at least one claim of the '156 patent under 35 U.S.C. § 271(e)(2)(A).

47. Unless Cipla is enjoined from infringing the '156 patent, Plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

**Count II**
**(Infringement of U.S. Patent No. 10,682,414)**

48. Plaintiffs repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

49. By submission of its ANDA, Cipla intends to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of Plaintiffs' neffy® drug product prior to the expiration date of the '414 patent.

50. Cipla's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the Cipla ANDA Product prior to the expiration of the '414 patent, constitutes an act of infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

51. There is a justiciable controversy between the parties as to the infringement of the '414 patent.

52. Cipla's manufacture, use, offer for sale, sale, and/or importation of its proposed ANDA Product will, on information and belief, directly infringe or induce infringement of at least one claim of the '414 patent under 35 U.S.C. § 271(e)(2)(A).

53. Unless enjoined, Cipla's importation, manufacture, use, offer for sale, and/or sale of its proposed ANDA Product, on information and belief, will induce and/or contribute to the infringement of at least one claim of the '414 patent.

54. Unless Cipla is enjoined from infringing the '414 patent, Plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

**Count III**
**(Infringement of U.S. Patent No. 11,173,209)**

55. Plaintiffs repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

56. By submission of its ANDA, Cipla intends to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of Plaintiffs' neffy® drug product prior to the expiration date of the '209 patent.

57. Cipla's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the Cipla

ANDA Product prior to the expiration of the ’209 patent, constitutes an act of infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

58. There is a justiciable controversy between the parties as to the infringement of the ’209 patent.

59. Cipla’s manufacture, use, offer for sale, sale, and/or importation of its proposed ANDA Product will, on information and belief, directly infringe or induce infringement of at least one claim of the ’209 patent under 35 U.S.C. § 271(e)(2)(A).

60. Unless enjoined, Cipla’s importation, manufacture, use, offer for sale, and/or sale of its proposed ANDA Product will, on information and belief, induce and/or contribute to the infringement of at least one claim of the ’209 patent.

61. Unless Cipla is enjoined from infringing the ’209 patent, Plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

**Count IV**
**(Infringement of U.S. Patent No. 11,191,838)**

62. Plaintiffs repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

63. By submission of its ANDA, Cipla intends to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of Plaintiffs’ neffy® drug product prior to the expiration date of the ’11-838 patent.

64. Cipla’s submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the Cipla ANDA Product prior to the expiration of the ’11-838 patent, constitutes an act of infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

65. There is a justiciable controversy between the parties as to the infringement of the ’11-838 patent.

66. Cipla’s manufacture, use, offer for sale, sale, and/or importation of its proposed ANDA Product will, on information and belief, directly infringe or induce infringement of at least one claim of the ’11-838 patent under 35 U.S.C. § 271(e)(2)(A).

67. Unless enjoined, Cipla’s importation, manufacture, use, offer for sale, and/or sale of its proposed ANDA Product, on information and belief, will induce and/or contribute to the infringement of at least one claim of the ’11-838 patent.

68. Unless Cipla is enjoined from infringing the ’11-838 patent, Plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

**Count V**
**(Infringement of U.S. Patent No. 11,717,571)**

69. Plaintiffs repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

70. By submission of its ANDA, Cipla intends to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of Plaintiffs’ neffy® drug product prior to the expiration date of the ’571 patent.

71. Cipla’s submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the Cipla ANDA Product prior to the expiration of the ’571 patent, constitutes an act of infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

72. There is a justiciable controversy between the parties as to the infringement of the ’571 patent.

73. Cipla's manufacture, use, offer for sale, sale, and/or importation of its proposed ANDA Product will, on information and belief, directly infringe or induce infringement of at least one claim of the '571 patent under 35 U.S.C. § 271(e)(2)(A).

74. Unless enjoined, Cipla's importation, manufacture, use, offer for sale, and/or sale of its proposed ANDA Product will, on information and belief, induce and/or contribute to the infringement of at least one claim of the '571 patent.

75. Unless Cipla is enjoined from infringing the '571 patent, Plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

**Count VI**
**(Infringement of U.S. Patent No. 11,744,895)**

76. Plaintiffs repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

77. By submission of its ANDA, Cipla intends to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of Plaintiffs' neffy® drug product prior to the expiration date of the '895 patent.

78. Cipla's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the Cipla ANDA Product prior to the expiration of the '895 patent, constitutes an act of infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

79. There is a justiciable controversy between the parties as to the infringement of the '895 patent.

80. Cipla's manufacture, use, offer for sale, sale, and/or importation of its proposed ANDA Product will, on information and belief, directly infringe or induce infringement of at least one claim of the '895 patent under 35 U.S.C. § 271(e)(2)(A).

81. Unless enjoined, Cipla's importation, manufacture, use, offer for sale, and/or sale of its proposed ANDA Product will, on information and belief, induce and/or contribute to the infringement of at least one claim of the '895 patent.

82. Unless Cipla is enjoined from infringing the '895 patent, Plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

**Count VII**
**(Infringement of U.S. Patent No. 11,918,655)**

83. Plaintiffs repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

84. By submission of its ANDA, Cipla intends to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of Plaintiffs' neffy® drug product prior to the expiration date of the '655 patent.

85. Cipla's submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the Cipla ANDA Product prior to the expiration of the '655 patent, constitutes an act of infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

86. There is a justiciable controversy between the parties as to the infringement of the '655 patent.

87. Cipla's manufacture, use, offer for sale, sale, and/or importation of its proposed ANDA Product will, on information and belief, directly infringe or induce infringement of at least one claim of the '655 patent under 35 U.S.C. § 271(e)(2)(A).

88. Unless enjoined, Cipla's importation, manufacture, use, offer for sale, and/or sale of its proposed ANDA Product will, on information and belief, induce and/or contribute to the infringement of at least one claim of the '655 patent.

89. Unless Cipla is enjoined from infringing the ’655 patent, Plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

**Count VIII**
**(Infringement of U.S. Patent No. 12,324,838)**

90. Plaintiffs repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

91. By submission of its ANDA, Cipla intends to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of Plaintiffs’ neffy® drug product prior to the expiration date of the ’12-838 patent.

92. Cipla’s submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the Cipla ANDA Product prior to the expiration of the ’12-838 patent, constitutes an act of infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

93. There is a justiciable controversy between the parties as to the infringement of the ’12-838 patent.

94. Cipla’s manufacture, use, offer for sale, sale, and/or importation of its proposed ANDA Product will, on information and belief, directly infringe or induce infringement of at least one claim of the ’12-838 patent under 35 U.S.C. § 271(e)(2)(A).

95. Unless Cipla is enjoined from infringing the ’12-838 patent, Plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

(a) a declaratory judgment that Cipla Ltd. and Cipla USA, Inc., have infringed at least one claim of the neffy® Patents by submitting the Cipla ANDA with the Cipla Paragraph IV Certification;

(b) a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. that the making, using, selling, offering to sell and/or importing of Cipla's ANDA Product will infringe at least one claim of the neffy® Patents;

(c) a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. that the making, using, offering for sale, selling and/or importing of the Cipla ANDA Product will induce the infringement of at least one claim of the neffy® Patents;

(d) a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. that the making, using, offering for sale, selling and/or importing of the Cipla ANDA Product will contribute to the infringement of at least one claim of the neffy® Patents;

(e) a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval for Cipla Ltd. and/or Cipla USA, Inc., to commercially make, use, sell, offer to sell or import its Cipla ANDA Product shall not be earlier than the date following the expiration date of the last to expire of the neffy® Patents (as extended, if applicable);

(f) a preliminary and permanent injunction restraining and enjoining against any infringement by Cipla Ltd. and/or Cipla USA, Inc., their officers, agents, attorneys, employees, successors or assigns, or those acting in privity or concert with them, of the neffy® Patents, through the commercial

manufacture, use, sale, offer for sale or importation into the United States of Cipla ANDA Product, and/or any inducement of or contribution to the same;

(g) a permanent injunction under 35 U.S.C. § 271(e)(4)(B) enjoining Cipla Ltd. and Cipla USA, Inc., and their officers, agents, servants, employees and attorneys; and any other entities or persons acting in concert or participation with them from practicing any method claimed in the neffy® Patents or from actively inducing or contributing to the infringement of any claim of the neffy® Patents until after expiration of the last to expire of the neffy® Patents (as extended, if applicable);

(h) Attorneys' fees in this action under 35 U.S.C. § 285; and

(i) Such further and other relief in favor of Plaintiffs and against Defendants as this Court may deem just and proper.

Dated: April 10, 2026

Respectfully submitted,

/s/ *Mark M. Makhail*
Cynthia S. Betz
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

*Counsel for Plaintiffs*
*ARS Pharmaceuticals Operations, Inc. and*
*Aegis Therapeutics, LLC.*

Of Counsel:

Thomas H. Wintner

Adam P. Samansky
Peter J. Cuomo
Samantha L. Cohen
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
twintner@mintz.com
apsamansky@mintz.com
pjcuomo@mintz.com

Nana Liu
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
44 Montgomery Street
San Francisco, California 94104
(415) 432-6000
nliu@mintz.com

*Counsel for Plaintiff*
*ARS Pharmaceuticals Operations, Inc.*

Paul Steadman (*pro hac vice*)
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-2135

Tracy Block (*pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
(212) 335-4733

*Attorneys for Plaintiffs Aegis Therapeutics, LLC*

**LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is the subject of another action pending in any court or of any pending arbitration or administrative proceeding, except as provided below.

United States Patent Nos. 10,576,156 ("the '156 patent"); 10,682,414 ("the '414 patent"); 11,173,209 ("the '209 patent"); 11,191,838 ("the '11-838 patent"); 11,717,571 ("the '571 patent"); 11,744,895 ("the '895 patent"); 11,918,655 ("the '655 patent"); and 12,324,838 ("the '12-838 patent") are currently the subject of proceedings before this Court in *ARS Pharmaceuticals Operations, Inc. et al. v. Lupin Inc., et al.,* Civil Action No.: 25-15123 and *ARS Pharmaceuticals Operations, Inc. et al. v. Lupin Inc., et al.,* Civil Action No.: *26-02036*.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Mark M. Makhail*
Cynthia S. Betz
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

*Counsel for Plaintiffs*
*ARS Pharmaceuticals Operations, Inc. and*
*Aegis Therapeutics, LLC.*

Of Counsel:

Thomas H. Wintner
Adam P. Samansky

Peter J. Cuomo
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
twintner@mintz.com
apsamansky@mintz.com
pjcuomo@mintz.com

Nana Liu
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
44 Montgomery Street
San Francisco, California 94104
(415) 432-6000
nliu@mintz.com

*Counsel for Plaintiff ARS Pharmaceuticals Operations, Inc.*

Paul Steadman (*pro hac vice*)
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-2135

Tracy Block (*pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
(212) 335-4733

*Attorneys for Plaintiffs Aegis Therapeutics, LLC*